UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARCOS MARQUEZ and ELIZABETH BERA,

    Plaintiffs,

v.

IMER USA, INC. and "ABC COMPANY 1-10" (being a fictitious designation),

    Defendants.

No. 16-5013 (KM) (JBC)

**OPINION**

## MCNULTY, U.S.D.J.:

Plaintiffs Marcos Marquez and his wife Elizabeth Bera assert product liability claims against defendant IMER USA, Inc. ("IMER") under the New Jersey Products Liability Act ("NJPLA"), N.J. Stat. Ann. § 2A:58C *et seq.* Marquez alleges that he sustained severe and permanent injuries to his right hand due to the defective design of one of IMER's brick-cutting saw machines, the IMER Masonry 350F ("the IMER 350" or "the saw"). By Opinion (DE 28) and Order (DE 29) I granted summary judgment to IMER, the manufacturer of the saw. Familiarity with that Opinion is assumed. Now before the Court is plaintiff's motion (DE 30) for reconsideration of that Opinion and Order. For the reasons stated below, the motions for reconsideration is denied.

### I. DISCUSSION

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). The Local Rules require that the movant specify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were

1

available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Generally, reconsideration is granted only (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co.*, 52 F.3d at 1218; *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with the Court's decision is not a basis for reconsideration. *Hamilton v. Nogan*, No. CV 16-5705 (PGS), 2020 WL 1041427, at *4 (D.N.J. Mar. 3, 2020) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

This motion to reconsider makes arguments similar to those made on the original motion. Now plaintiff argues that the Court "overlooked" a supplemental report and related deposition testimony by plaintiff's expert Mr. Gianforco. The Court's opinion in fact cited and summarized the report. (*See* Op. 7–8) And it dealt with the arguments that the plaintiff raises on this motion, in terms that I need not repeat here.

The motion also criticizes the Court's reliance on the report of defense expert Mr. Pfreundschuh, stating that Ex. 8, appended thereto, does not depict the same model saw as the one involved in the accident. As I stated in the Opinion, "I reach the conclusion that plaintiffs have not met their burden with respect to the alleged defect existing while in the defendant's control without reference to any of Pfreundschuh's report that relies upon that catalog page. In any event, the entirety of Pfreundschuh's report only plays a minor role in the analysis here, which is largely premised on the plaintiffs not meeting their burden." (Op. 14 n.9)

There is nothing new here. Hence, there is no need to rehash the reasoning of my prior Opinion, either as to the substance of the summary judgment or the cross-motion to bar Pfreundschuh's report (*see* Op. 14 n.9).

## ORDER

IT IS THEREFORE, this 13th day of March, 2020,

ORDERED that the motion for reconsideration (DE 30) is denied.

/s/ Kevin McNulty
HON. KEVIN MCNULTY, U.S.D.J.